UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

UNITED STATES OF AMERICA

v.  CASE NO: 3:10-cr-13-J-34MCR

WALTER L. WILLIAMS

ORDER ON MOTION FOR
SENTENCE REDUCTION UNDER
18 U.S.C. § 3582(c)(1)(A)

## O R D E R

Upon motion of ☒ the defendant ☐ the Director of the Bureau of Prisons for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A), and after considering the applicable factors provided in 18 U.S.C. § 3553(a) and the applicable policy statements issued by the Sentencing Commission,

IT IS ORDERED that the motion is:

☒ DENIED after complete review of the motion on the merits.

☒ FACTORS CONSIDERED

Defendant Walter L. Williams is a 54-year-old inmate incarcerated at Coleman Low FCI, serving a 180-month term of imprisonment for two counts of distribution of heroin, one count of possession of heroin with intent to distribute, one count of possession of cocaine with intent to distribute, and one count of possession of a firearm by an armed career criminal. (Doc. 65, Judgment). According to the Bureau of Prisons (BOP), he is scheduled to be released from prison on September 29, 2022. Williams seeks compassionate release because of the Covid-19 pandemic and because he claims to have hypertension and lung damage from drug use. (Doc. 97, Motion for

Compassionate Release; Doc. 98, Memorandum).

A movant for compassionate release bears the burden of proving that a reduction in sentence is warranted. United States v. Heromin, No. 8:11-cr-550-T-33SPF, 2019 WL 2411311, at *2 (M.D. Fla. Jun. 7, 2019); cf. United States v. Hamilton, 715 F.3d 328, 337 (11th Cir. 2013) (a movant under § 3582(c)(2) bears the burden of proving that a sentence reduction is appropriate). "Given the permissive language [of § 3582(c)(1)(A)], a district court's decision whether to grant or deny a defendant's request for a sentence reduction is discretionary." United States v. Winner, No. 20–11692, 2020 WL 7137068, at *2 (11th Cir. Dec. 7, 2020). As the Third Circuit Court of Appeals has observed, the mere existence of Covid-19 cannot independently justify compassionate release, "especially considering BOP's statutory role, and its extensive and professional efforts to curtail the virus's spread." United States v. Raia, 954 F.3d 594, 597 (3d Cir. 2020).

Williams has not demonstrated extraordinary and compelling reasons warranting compassionate release. 18 U.S.C. § 3582(c)(1)(A). The record supports Williams's assertion that he has high blood pressure. See Presentence Investigation Report (PSR) at ¶ 47. According to the Centers for Disease Control (CDC), having high blood pressure might increase the risk of severe infection from coronavirus, which is distinct from the medical conditions that the CDC confirms increase the risk of severe infection.[1] However, Williams's blood pressure is treated with 20 mg of

---

[1] https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html.

lisinopril daily, and according to BOP records, he is classified as a healthy Care Level One inmate. Memorandum (Doc. 98) at 7, 11. Moreover, high blood pressure is not an extraordinary circumstance. The CDC reports that 108 million adults in the United States (about 45% of the adult population) have high blood pressure or take medication for the condition.[2] Assuming that federal inmates experience hypertension at about the same rate as the general population, nearly half the BOP population would be eligible for compassionate release if it qualified as an extraordinary and compelling circumstance. As for Williams's assertion that he has lung damage from drug abuse, there is no support for this assertion in either the BOP records or the PSR. Indeed, the warden of Williams's prison evaluated his request for a sentence reduction and determined that his concern about being infected with Covid-19 "does not currently warrant an early release from [his] sentence." Memorandum at 6.

Williams also contends that Coleman Low FCI has failed to adequately control the spread of coronavirus. However, as Williams acknowledges in his Memorandum, the virus has spread through the facility despite the BOP implementing precautions to contain the virus. In addition, the conditions at Coleman Low FCI do not rise to the level of extraordinary and compelling circumstances. Prisons are inherently difficult environments in which to control the spread of infectious diseases. As such, most BOP facilities have experienced an outbreak of Covid-19 to some extent. The state of affairs at Coleman Low FCI is not exceptional compared to other prisons.

---

[2]    https://www.cdc.gov/bloodpressure/facts.htm.

According to the BOP's latest data, three inmates and 23 staff members are positive for coronavirus; 199 inmates and 14 staff members have recovered; and one inmate (out of 1,735 total inmates) and one staff member have died.[3] That Coleman Low FCI has seen inmates and staff infected with Covid-19, alone or in combination with Williams's conditions, is not an "extraordinary and compelling" reason for a sentence reduction. 18 U.S.C. § 3582(c)(1)(A).[4]

Because the Court finds that Williams has not established extraordinary and compelling circumstances, the Court need not address the § 3553(a) sentencing factors. Accordingly, Defendant Walter Williams's Motion for Compassionate Release (Doc. 97) is **DENIED**.[5]

**DONE AND ORDERED** at Jacksonville, Florida this 27th day of January, 2021.

MARCIA MORALES HOWARD
United States District Judge

Lc 19
Copies:
Counsel of record
Defendant

---

[3] https://www.bop.gov/coronavirus/. Last accessed January 27, 2021.

[4] The Court recognizes that there is a split of authority over whether district courts are bound by the list of extraordinary and compelling reasons contained in U.S.S.G. § 1B1.13, cmt. 1(A)-(D). See, e.g., United State v. Ruffin, 978 F.3d 1000, 1006–08 (6th Cir. 2020). The Court's decision does not depend on the resolution of that issue because it would reach the same conclusion if it had discretion to identify extraordinary and compelling reasons.

[5] To the extent Defendant requests that the Court order home confinement, the Court cannot grant that request because the Attorney General has exclusive jurisdiction to decide which prisoners to place in the home confinement program. See United States v. Alvarez, No. 19-cr-20343-BLOOM, 2020 WL 2572519, at *2 (S.D. Fla. May 21, 2020); United States v. Calderon, 801 F. App'x 730, 731-32 (11th Cir. 2020) (a district court lacks jurisdiction to grant a request for home confinement under the Second Chance Act).